UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHAUNDA JOHNSON, individually and on behalf of minor
LG,                                                                                    Civil Action No.: 1:16-cv-5638

                                                        Plaintiffs,          **COMPLAINT**
                              -against-
                                                                                       **JURY TRIAL**
THE CITY OF NEW YORK, and JOHN and JANE DOES (1-          **DEMANDED**
5) (employees of the New York City Police Department not
yet known),

                                                        Defendants.
----------------------------------------------------------------------X

     Plaintiff SHAUNDA JOHNSON, individually and on behalf of her infant child LG, (hereinafter the "Plaintiffs"), by and through their attorney, ABE GEORGE, ESQ., complaining of the Defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action stemming from a false arrest and malicious prosecution of an infant Plaintiff, in which the infant Plaintiff and her mother seek relief for Defendant Officers' violations of their rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

    2.    Plaintiffs seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

5.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

7.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

**PARTIES**

8.      At all times relevant to this action, Plaintiff SHAUNDA JOHNSON is and was a resident of Kings County, New York.

9.      At all times relevant to this action, Plaintiff infant LG, daughter of SHAUNDA JOHNSON, is and was a resident of Kings County, New York.

10.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent

in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of JOHN and JANE DOE (1-5) police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown (hereinafter "JOHN and JANE DOE (1-5)").

11.     Defendant JOHN and JANE DOE (1-5) are and were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

12.     At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NYPD, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

13.     SHAUNDA JOHNSON, on behalf of LG, timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiffs' claims against Defendant CITY OF NEW YORK and Defendant NYPD.

14.     The City assigned a claim number to Plaintiffs' claims, and Plaintiffs were subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h.

15.     To date, Defendant CITY OF NEW YORK has not offered to settle this matter in in response to this claim.

16.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

17.     On March 20, 2016, at approximately 4:00 p.m., Plaintiff LG was standing with his/her friends, Raysha F. (hereinafter "Raysha") and Brian A (hereinafter "Brian"), near the vicinity of Fulton Street and Oxford Streets, in Brooklyn, New York.

18.     Raysha and Brian were asking people to donate money for a high school basketball team.

19.     Plaintiff LG was merely standing next to Raysha and Brian and was not involved in any type of solicitation and did not receive any money from her friends solicitation activities.

20.     Nonetheless, when a NYPD police car began circling in the vicinity of Fulton Street and Oxford Streets, in Brooklyn, N.Y., Plaintiff LG accompanied Raysha and Brian as they walked a short distance to the Lafayette subway station.

21.     Raysha and Brian walked to the Lafayette subway station, in order to evade possible observation of their activities by the NYPD.

22.     Plaintiff LG walked with Raysha and Brian towards the Lafayette subway station, because Plaintiff LG was afraid of the police, did not trust law enforcement, and for better or for worse, decided to accompany her friends.

23.     At no point did Plaintiff LG command, direct, or suggest to Raysha or Brian to evade police observation.

24.     Further, as an African-American teen, Plaintiff LG understood from his/her own experience in the neighborhood, and growing up in New York City, that the NYPD treated African-Americans, particularly younger African-Americans, much differently than their white counterparts.

25.     In fact, several months before Plaintiff LG, was falsely arrested by the NYPD on or about July 30, 2015, for her alleged participation in a robbery, in the vicinity of Fort Greene Park, in Brooklyn, NY---charges that were quickly dismissed, for lack of any proof of his/her involvement.[1]

26.     In that regard, Plaintiff LG was both scared and panicked under the circumstances, and that is why he/she joined Raysha and Brian as they walked to the Lafayette subway station, on Fulton Street.

27.     Plaintiff LG, along with Raysha and Brian, entered the Lafayette subway station, and went up the stairway that led to the other side of Fulton Street.

28.     When Plaintiff LG, along with Raysha and Brian, reached the top of the stairs, an NYPD police officer was there.

29.     At least one NYPD police car was nearby on Fulton.

30.     There were also at least one NYPD police officer coming up the stairs that Plaintiff LG, along with Raysha and Brian, had just walked up.

31.     In response to the sight of a NYPD police officer, Raysha immediately ran away.

32.     Plaintiff LG and Brian ran shortly thereafter.

---

[1] Plaintiff LG is currently a plaintiff in a suit against the City. See Johnson et. al. v. City of New York et al., 1:16-cv-4663.

33.     Plaintiff LG ran because he/she was scared, and not because she was evincing a consciousness of guilt or that she had done anything wrong[2].

34.      NYPD police officers stopped Plaintiff LG and Brian a short time later.

35.     In answer to the NYPD police officer's question, Plaintiff LG explained that he/she had done nothing wrong, and that he/she ran from the police because he/she was scared.

36.     At the time, Plaintiff LG was carrying Raysha's bag, and explained that fact to an NYPD police officer. Inside Raysha's bag were materials that showed the bag belonged to Raysha. Inside Raysha's bag were papers that linked Raysha and Brian to their solicitation activities.

37.     Plaintiff LG recognized the officers from  her July 30, 2015 false arrest[3] in the area. In fact one of the officers had stated to in sum and substance "Didn't we arrest you before in the park around here?"

38.     NYPD police officers subsequently arrested Plaintiff LG, and Brian.

39.     As Plaintiff LG and Brian were being arrested Raysha came back and started "mouthing off" to officers and the officers told her to leave although she was an active participant in the solicitation activity, but when she refused to leave she was also arrested.

40.     Plaintiff LG, Raysha, and Brian were arrested, transported to the precinct, and processed.

---

[2] See generally, "Running From Police Is the Norm, Some in Baltimore Say," by John Eligon, *http://www.nytimes.com/2015/05/11/us/running-from-police-is-the-norm-some-in-baltimore-say.html?_r=0.*
[3] On July 30, 2015, Plaintiff LG was arrested by the NYPD for her participation in a robbery, in the vicinity of Fort Greene Park, in Brooklyn, NY. The robbery count, and related charges, were quickly dismissed, for lack of any proof of his/her involvement. Plaintiff LG is currently a plaintiff in a suit against the City. See Johnson et. al. v. City of New York et al., 1:16-cv-4663.

41.     At the precinct, NYPD police officers searched Plaintiff LG, and placed him/her inside a cell. While in the cell, Plaintiff LG banged his/her head against the wall, because no one in the precinct responded to his/her calls for the bathroom.

42.     At around 6:30 p.m., the NYPD called Plaintiff SHAUNDA JOHNSON, and informed her that Plaintiff LG had been arrested, and was currently in custody at the 88th Precinct, in Brooklyn.

43.     When Plaintiff SHAUNDA JOHNSON, a New York City employee, arrived at the precinct, NYPD police officers refused to allow Plaintiff SHAUNDA JOHNSON the opportunity to see or talk in person with 16-year-old Plaintiff LG.

44.     Plaintiff SHAUNDA JOHNSON, however, did have an opportunity to talk with Plaintiff LG over the phone. Plaintiff LG was crying, upset, and otherwise distraught.

45.     Plaintiff LG was then processed at a detention center in Brooklyn, at around 1:00 a.m. the next morning, before being released later that day to the custody of his/her mother, Plaintiff SHAUNDA JOHNSON, at around noon.

46.     Corporation Counsel later declined to prosecute the case against Plaintiff LG and, accordingly, the charges against Plaintiff LG were dismissed.

47.     Plaintiff LG will be receiving psychological treatment due to this most recent arrest.

48.     Since the arrest, Plaintiff LG has continued to suffer panic attacks when in the presence of the NYPD. Plaintiff LG is also more distant at home.

49.     As described in Footnote 3, supra, Plaintiff LG was arrested a few months earlier, also for a crime he/she did not commit. More importantly, at least one of the NYPD police officers that was part of the team that arrested Plaintiff LG in the prior case, was involved in the

arrest of Plaintiff LG in the instant case, and this may have been the motivation for the instant false arrest.

## FIRST CLAIM: GENERAL ALLEGATIONS
Fourth, Fifth and Fourteenth Amendments and 42 U.S.C § 1983
By All Plaintiffs Against All Defendants

50.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.     By the actions described above, defendants JOHN and JANE DOE (1-5) NYPD police officers arrested Plaintiff LG without having probable cause to arrest Plaintiff LG for any offense. Plaintiff LG was merely present. Mere presence at the scene of a crime is not sufficient to impose criminal liability.

52.     The conduct of Defendants, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable   detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, discrimination, selective enforcement, denial of equal protection of the laws, denial of due process rights and malicious prosecution.  Such conduct described herein violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

53.     Plaintiff Parent SHAUNDA JOHNSON was deprived of her liberty interest protected by the Fourteenth Amendment, in the care, custody and management of her child when Defendant NYPD police officers wrongfully and maliciously arrested her child, Plaintiff LG.

54.     Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Defendants, individually and severally.


## SECOND CLAIM FOR RELIEF: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Plaintiff LG Against JOHN AND JANE DOE (1-5)

55.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56.     Defendant NYPD police officers JOHN and JANE DOE (1-5), in arresting Plaintiff LG without probable cause, and confining Plaintiff LG who was conscious of his/her imprisonment against his/her will and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

57.     As a direct and proximate result of aforesaid Defendants' unlawful actions, Plaintiff LG has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.


## THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Plaintiff LG Against JOHN AND JANE DOE (1-5)

58.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     Defendant NYPD police officers JOHN AND JANE DOE (1-5) in arresting Plaintiff LG maliciously initiated a prosecution, wherein the Defendant officers lacked

probable cause to believe the proceeding could succeed which was confirmed when Corporation Counsel declined to prosecute charges against Plaintiff LG for lack of proof.

60.      By their conduct, as described herein, and acting under color of state law, Defendant NYPD police officers JOHN AND JANE DOE (1-5), are liable to Plaintiff LG under 42 U.S.C. § 1983 for the violation, of his/her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

61.      As a direct and proximate result of Defendants' unlawful actions, Plaintiff LG has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FOURTH CLAIM: FAILURE TO TRAIN
### 42 U.S.C § 1983
By All Plaintiffs Against CITY OF NEW YORK only

62.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.      The NYPD's training program was not adequate to train the defendant officers JOHN AND JANE DOE (1-5) to properly handle usual and recurring situations, particularly in terms of proper procedures to identify those perpetrating crimes.

64.      The NYPD and the City of New York were deliberately indifferent to the need to train its officers adequately.

65.      Specifically, if defendant officers JOHN AND JANE DOE (1-5) were better trained on probably cause, and differentiating between criminal behavior and innocuous

10

conduct, along with the intricacies of the Fourth Amendment and police-citizen street encounters, Plaintiff LG would certainly not have been arrested.

66.     The failure to provide proper training was the cause of the Plaintiff LG's deprivation of her due process rights.

67.     In the deprivation of Plaintiff LG's freedom through their wrongful arrest, Plaintiff LG was harmed in this malicious prosecution and false arrest, and the NYPD's failure to adequately train its officers' was a substantial factor in causing that harm.


### FIFTH CLAIM: MUNICIPAL LIABILITY
42 U.S.C § 1983
By All Plaintiffs Against CITY OF NEW YORK

68.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69.     Defendant CITY OF NEW YORK, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, and obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

70.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

a.   Schoolcraft v. City of New York, 10-CV-6005 (RWS) (S.D.N.Y)

(police officer who exposed a precinct's policies and practices of illegal quotas

for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing these practices and customs);

b. Taylor-Mickens v. City of New York, 09-CV-7923 (RWS) (S.D.N.Y) (police officers at 24th precinct issued four summonses to a woman in retaliation for her lodging a complaint with the Civilian Complaint Review Board against the precinct);

c. People v. Pagan, 6416-2008 (Sup. Ct. N.Y. Co.) (officer swears out a false complaint and is convicted of falsifying police records);

d. Lin v. City of New York, 10-CV-1936 (PGG) (S.D.N.Y) (officers arrest a person lawfully photographing an arrest of a bicyclist in Times Square and swear out criminal complaints that is contradicted by video evidence);

e. Colon v. City of New York, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29, 2009 denying the City's motion to dismiss, wherein the police officers at issue were prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote: 'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some

evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

f. <u>People v. Arbeedy</u>, 6314-2008 (Sup. Ct. Kings Co.)  (NYPD narcotics detective  found  guilty  planting  drugs  on  two innocent  civilians; former undercover   NYPD narcotics officer, Steve Anderson, testified that fellow narcotics officers routinely maintained a stash of narcotics to plant on innocent civilians in order to help those officers meet arrest quotas; Mr. Anderson testified concerning the NYPD's practice of "attaching bodies" to the narcotics to make baseless arrests stating: "It was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators. Seeing it so much, it's almost like you have no emotion with it.  The mentality was that they attach bodies to it, they're going to be out of jail tomorrow anyway, and nothing is going to happen to them anyway. That kind of came to me and I accepted it –being around so long, and being an undercover";

g. <u>Bryant v. City of New York</u>, 22011/2007 (Sup. Ct. Kings Co.) (Jury declares that NYPD officers acted pursuant to a City policy regarding the number of arrests officers were expected to make that violated plaintiff's constitutional rights and contributed to her arrest);

h. <u>Williams v. City of New York</u>, 06-CV-6601 (NGG) (E.D.N.Y.) (officers arrest plaintiff during a "vertical patrol" of a public housing project despite evidence that he had a legitimate reason to be on premises);

i. <u>MacNamara v. City of New York</u>, 04-CV-9216 (RJS)(JCF) (S.D.N.Y) (evidence of perjured sworn statements systematically provided by

officers to attempt to cover up or justify unlawful mass arrests of approximately 800 people has been and continues to be developed in the consolidated litigation arising out of the 2004 Republican National Convention);

j. <u>McMillan v. City of New York</u>, 04-cv-3990 (FB)(RML) (E.D.N.Y.) (officers  fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of a quantum of suspicion);

k. <u>Nonneman v. City of New York</u>, 04-CV-10131 (JSR)(AJP) (S.D.N.Y.) (former NYPD lieutenant alleging retaliatory demotion and early retirement after reporting a fellow officer to  IAB and CCRB for the officer's suspicionless, racially-motivated stop-and-frisk of a group of Hispanic youths);

l. <u>Richardson v. City of New York</u>, 02-CV-3651 (JG)(CLP) (E.D.N.Y.) (officers fabricated evidence including knowingly false sworn complaints, against an  African-American  man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

m. <u>White-Ruiz v. City of New York</u>, 93-CV-7233 (DLC) (MHD), 983 F.Supp. 365, 380 (S.D.N.Y.) (holding that the NYPD had an "unwritten policy or practice of encouraging or at least tolerating a pattern of harassment directed at officers who exposed instances of police corruption");

n. Exclusive: Muslim Woman Settles Racial Profiling Lawsuit with NYC but says Officials Refused to Meet with her to Discuss Police Abuse (Daily News, available at nydailynews.com/new-york/exclusive-woman-settles-racial-profiling-suit-nyc-article-1.2327196): After settling for over $37,000 after Mrs.

Huq was arrested for Obstructing Pedestrian Traffic, police officials refused to change policy or meet to discuss additional training and supervision of officers;

o. Two individuals were arrested after they filmed NYPD officers conduct stop-and-frisks at a car checkpoint. Christina Gonzales and Matthew Swaye said they were returning from a Bronx mall at about 10:30 p.m. when they noticed several vehicles stopped. When Gonzalez took out her camera to begin filming, they were arrested. DNA Info (May 21, 2013), http://www.dnainfo.com/new-york/20130521/central-harlem/professional-agitators-on-nypd-wanted-flier-arrested-after-filiming-stop; and

p. On June 20, 2013, NYPD officers arrested a photographer taking photographs of a Bushwick police station when he refused to tell the officers why he was taking the photographs. Shawn Randall Thomas was given two summonses for Disorderly conduct. DNA Info (June 20, 2013), http://www.dnainfo.com/new-york/201306t20/bushwick/photographer-arrested-taking-pictures-of-police-station-house-bushwick).

71. Defendant CITY OF NEW YORK maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees.  In failing to take any corrective actions, Defendant CITY OF NEW YORK acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

72. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms,

custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

73.     By these actions, defendants have deprived Plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.


### SIXTH CLAIM: VIOLATION OF THE RIGHT TO ASSOCIATE
42 U.S.C. § 1983, 4th and 14th Amendment Violations
By Plaintiff SHAUNDA JOHNSON Against JOHN AND JANE DOE (1-5)

74.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

75.     Plaintiff Parent SHAUNDA JOHNSON has a liberty interest, protected by the Fourteenth Amendment, in the care, custody and management of her child.

76.     As a result of Defendant NYPD police officers JOHN AND JANE DOE (1-5) falsely arresting, and then maliciously prosecuting Plaintiff LG, Plaintiff SHAUNDA JOHNSON suffered the loss of the association with her child; and said parent suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

77.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff Parent of her right to due process and their rights to be free from unreasonable seizures of Parent's infant child without probable cause as required by the Fourth and Fourteenth Amendments, defendants are liable for the violation of 42 U.S.C. § 1983.

**SEVENTH CLAIM: DEPRIVATION OF RIGHTS**
New York State Constitution Article I, §§§ 6, 11, & 12
By Plaintiffs Against JOHN and JANE DOE (1-5)

78.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79.     By reason of the foregoing, and by arresting and detaining infant Plaintiff LG without probable cause or reasonable suspicion, Defendant NYPD officers JOHN AND JANE DOE (1-5), deprived both Plaintiff LG and Plaintiff SHAUNDA JOHNSON of due process and equal protection of laws, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, § 6 (providing for due process), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws), and Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

80.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article I, §§§ 6, 11 and 12 of the New York Constitution.

81.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of Plaintiffs' state constitutional rights.

## EIGHTH CLAIM: MALICIOUS PROSECUTION
COMMON LAW CLAIM
Plaintiff LG Against JOHN AND JANE DOE (1-5)

82.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.    Defendant officers JOHN AND JANE DOE (1-5) in arresting Plaintiff LG, maliciously initiated a prosecution, wherein the officers lacked probable cause to believe the proceeding could succeed which was confirmed when the Corporation Counsel declined to prosecute charges against the aforesaid minors on September 16, 2015.

84.    Consequently, Plaintiff LG has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Defendants, individually and severally.

## NINTH CLAIM: FALSE IMPRISONMENT
COMMON LAW CLAIM
Plaintiff LG against JOHN AND JANE DOE (1-5)

85.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.    In falsely arresting Plaintiff LG, Defendants JOHN AND JANE DOE (1-5) intended to confine the Plaintiff against his/her will. Plaintiff LG was conscious of his/her overnight confinement and Defendants had no right or privilege to confine Plaintiff LG.

87.    Consequently, Plaintiff LG has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Defendants, individually and severally.

## TENTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
By Plaintiffs Against JOHN and JANE DOE (1-5)

88.      Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89.      Defendant NYPD police officers JOHN and JANE DOE (1-5), in maliciously, knowingly and intentionally, arresting infant Plaintiff without probable cause and separating infant from her parent, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

90.      Defendants intended to and did cause severe emotional distress to Plaintiffs.

91.      The conduct of the aforesaid Defendants was the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92.      As a result of the foregoing, Plaintiff LG was deprived of her liberty, and Plaintiff SHAUNDA JOHNSON was deprived of the company of her infant child. All Plaintiffs were subjected to serious physical and emotional pain and suffering, and were otherwise damaged and injured.


## ELEVENTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
All Plaintiffs against JOHN and JANE DOE (1-5)

93.      Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94.      Defendant officers JOHN and JANE DOE (1-5), in maliciously, arresting Plaintiff LG without probable cause and separating infant from her parent were careless and negligent as

to the emotional health of Plaintiff LG and Plaintiff SHAUNDA JOHNSON. Defendants' actions caused severe emotional distress to all Plaintiffs.

95.     The acts and conduct of the aforesaid Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## TWELFTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING
COMMON LAW CLAIM
All Plaintiffs against All Defendants

96.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97.     Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendant NYPD police officers JOHN AND JANE DOE (1-5). The acts and conduct of said Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98.     Specifically, if Defendant NYPD police officers JOHN AND JANE DOE (1-5) were better trained on differentiating between criminal behavior and innocuous conduct, along with the intricacies of the Fourth Amendment and police-citizen street encounters, Plaintiff LG would certainly not have been arrested.

99.     As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## THIRTEENTH AND FOURTEENTH CLAIMS: ASSAULT AND BATTERY
Common Law Claims
Plaintiff LG Against JOHN AND JANE DOE (1-5)

100.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101.     Defendant NYPD police officers JOHN and JANE DOE (1-5), by intentionally handcuffing and falsely arresting Plaintiff LG without consent placed Plaintiff LG in fear of imminent harmful or offensive contact.

102.     As a result of Defendants' assault and battery of Plaintiff LG, Plaintiff LG was subjected to great physical and emotional pain and suffering, and were otherwise damaged and injured.

## FIFTEENTH CLAIM FOR RELIEF: RESPONDEAT SUPERIOR
Common Law Claim
By All Plaintiffs Against CITY OF NEW YORK

103.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

104.     The conduct of Defendant NYPD police officers JOHN AND JOHN DOE (1-5), occurred while they were on duty, in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the Defendant CITY OF NEW YORK.

105.     Defendant CITY OF NEW YORK is liable to Plaintiffs under the common law doctrine of respondeat superior.

**WHEREFORE**, Plaintiffs demands judgment against the defendants individually and jointly and prays for relief as follows:

(a)　　　That Plaintiffs be compensated for the violation of their constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b)　　　That Plaintiffs be awarded punitive damages against the defendants; and

(c)　　　Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d)　　　Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e)　　　For such other further and different relief as to the Court may deem just and proper.

DATED:　　　October 10, 2016
　　　　　　　New York, New York

　　　　　　　　　　　　　　　　　／s／＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　Abe George, Esq.
　　　　　　　　　　　　　　　　　Law Offices of Abe George, P.C.
　　　　　　　　　　　　　　　　　44 Wall Street, 2nd Floor
　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　(P) 212-498-9803
　　　　　　　　　　　　　　　　　(F) 646-558-7533
　　　　　　　　　　　　　　　　　E-mail: abe@abegeorge.lawyer